FILED

2008 May-13  PM 01:32
U.S. DISTRICT COURT
N.D. OF ALABAMA



# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **LAURA KENNEDY and** | ) | |
| **JUDITH PERRY,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. CV-07-S-408-NE** |
| | ) | |
| **ALTERNATIVE FINANCIAL** | ) | |
| **SOLUTIONS, L.L.C.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

This case is before the court on defendant's motion to strike the affidavits of plaintiffs Laura Kennedy and Judith Perry, as well as certain portions of plaintiff's brief in opposition to defendant's motion for summary judgment.[1]

## A.    PLAINTIFFS' AFFIDAVITS

Defendant argues that the affidavits of the foregoing plaintiffs should be stricken because they merely recite the conclusory allegations of plaintiffs' complaint. The court agrees.  The Eleventh Circuit has held that "[s]ummary judgment is appropriate where the non-moving party's response to a motion is merely 'a repetition of his conclusional allegations' and is unsupported by evidence showing an issue for trial."  *Comer v. City of Palm Bay, Florida,* 265 F.3d 1186, 1192 (11th Cir. 2001)

---

[1]Doc. no. 19.

(quoting *Morris v. Ross,* 663 F.2d 1032, 1034 (11th Cir. 1981)).  Other circuit courts of appeal have held that a plaintiff may not defeat summary judgment by relying on affidavits containing "merely conclusory reiterations of the allegations of the complaint." *Roslindale Cooperative Bank v. Greenwald,* 638 F.2d 258, 261 (1st Cir. 1981).  *See also Bright v. Moss Ambulance Service, Inc.,* 824 F.2d 819, 824 n.6 (10th Cir. 1987) (same); *Tiller v. 84 Lumber Co.,* 886 F.2d 1316 (6th Cir. 1989) (same) (unpublished decision).

These decisions are consistent with Federal Rule of Civil Procedure 56(e) which states, in pertinent part, that, "[w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must — by affidavits or as otherwise provided in this rule — set out specific facts showing a genuine issue for trial."  Fed. R. Civ. P. 56(e)(2).  The advisory committee notes to Rule 56 state that allowing a party to rely on allegations in its pleading in order to defeat summary judgment would be "incompatible with the basic purpose of the rule," which is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial."  Fed. R. Civ. P. 56 advisory committee's note.  Indeed, if a plaintiff could defeat summary judgment simply by converting her complaint into an affidavit, every plaintiff would do just that, and the summary judgment procedure would be

2

rendered meaningless.

With only two exceptions — both of which are discussed more fully below — plaintiffs' affidavits are word-for-word reiterations of the allegations of their complaint. That will not suffice. Furthermore, plaintiffs will suffer no prejudice from having their affidavits stricken. As plaintiffs acknowledge in their response to defendant's motion to strike, "there are deposition references which support each of the factual statements in the parties' affidavits, which citations have already been recited in the numerous factual allegations made by both parties."[2]

There are, however, small portions of each plaintiff's affidavit that are *not* simply quotes from their complaint. First, plaintiff Laura Kennedy states, "I was terminated because of my pregnancy and maternity leave, because of my female gender, and because of my prior complaints concerning a work environment hostile to women."[3] This statement is nothing but a legal conclusion, which is insufficient to defeat summary judgment. *See Avirgan v. Hull,* 932 F.2d 1572, 1577 (11th Cir. 1991) ("The evidence presented [in opposition to summary judgment] cannot consist of conclusory allegations or legal conclusions.") (citation omitted). Plaintiff Judith Perry states in her affidavit that "[Mike McCaleb] offered [Laura Kennedy] less

---

[2]Doc. no. 21 (plaintiffs' response to defendant's motion to strike), at 3.

[3]Doc. no. 15 (plaintiffs' evidentiary submission), Exhibit 1 (Affidavit of Laura Kennedy), at unnumbered page 2.

3

favorable terms of employment, and when she insisted on her old job, Mike McCaleb terminated her."[4]  This statement also is conclusory, and it is not based on Perry's personal knowledge.  Plaintiffs therefore cannot rely on the statement in opposition to defendant's motion for summary judgment.  *See Avirgan, supra*.[5]

In summary, plaintiffs' affidavits contain either mere reiterations of the allegations of their complaint, or conclusory statements.  The affidavits consequently cannot be considered in opposition to defendant's motion for summary judgment.  Defendant's motion to strike those affidavits will be granted.

## B.   PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant also requests the court to strike substantial portions of plaintiffs' response to the statements of disputed and undisputed facts stated in defendant's summary judgment brief.  Defendant first argues that, because plaintiffs' affidavits

---

[4]Doc. no. 15 (plaintiffs' evidentiary submission), Exhibit 2 (Affidavit of Judith Perry), at unnumbered page 1.

[5]The following paragraph also is contained in Judith Perry's affidavit, but not in her complaint:

> Four weeks [after being terminated], I returned to pick up my belongings.  I asked Jenny if I could see Tim.  Tim would not come out of his office to speak to me.  I was also refused a letter stating that I had been terminated.

Perry Affidavit, at unnumbered page 2.  The court need not address this portion of Perry's affidavit, because plaintiffs do not rely on this allegation in their opposition to summary judgment.

4

are due to be stricken, the court also should strike any of plaintiffs' proposed facts that rely upon their affidavits.  Defendant also argues that plaintiffs' responses to many of its proposed *undisputed* facts fail to comply with this court's Uniform Initial Order because plaintiffs failed to cite any evidence that would dispute the proposed undisputed facts.  The court agrees with defendant in principle, but does not agree that striking plaintiff's summary judgment response, or any portion thereof, is the proper course of action.  If the court determines that any of plaintiffs' proposed undisputed facts rely solely upon statements made in plaintiffs' affidavits, or if any of plaintiffs' responses to defendant's proposed undisputed facts lack an evidentiary basis, it will not take those proposed facts and responses into account when finding the facts that are relevant to defendant's motion for summary judgment.

Finally, defendant argues that plaintiff's entire statement of proposed *disputed* facts should be stricken because it fails to comply with the Appendix to the Uniform Initial Order, which requires that "[e]ach statement of allegedly disputed facts [by the non-movant] must be followed by specific reference to those portions of the evidentiary record which both support *and contradict* the alleged fact."[6]  Plaintiffs' statement of proposed disputed facts contains citations to the evidentiary record to

---

[6]Doc. no. 7 (Uniform Initial Order), at 17-18 (emphasis supplied).  The Uniform Initial Order also states that "[t]**he court reserves the right** *sua sponte* **to STRIKE any statements of fact or responsive statements that fail to comply with these requirements.**"  *Id.* at 18 (all emphases in original).

*support* the proposed facts, but no record citations to *contradict* the alleged facts.

Plaintiffs are not the only ones, however, who have failed to strictly comply with the Uniform Initial Order. Defendant's reply brief contains defendant's response to the additional *undisputed* facts stated in plaintiffs' brief, but no response to plaintiffs' additional *disputed* facts.[7] The Uniform Initial Order states the following with regard to the moving party's reply submission:

> The reply submission, if any, shall consist of **only** the moving party's disputes, if any, with the non-moving party's additional claimed undisputed facts. The moving party's response to the non-moving party's additional claimed undisputed facts shall be in *separately numbered paragraphs* that coincide with those of the non-moving party's additional claimed undisputed facts. Any statements of fact that are disputed by the moving party must be followed by a specific reference to those portions of the evidentiary record upon which the disputation is based. *All additional material facts set forth in the statement required of the opposing parties will be deemed to be admitted for summary judgment purposes unless controverted by the statement of the movant.*[8]

Pursuant to this paragraph, the court ordinarily would deem all of plaintiffs' additional disputed facts to be admitted due to defendant's failure to controvert them. Here, however, the court recognizes that defendant's failure to respond to plaintiffs' alleged additional disputed facts may simply have been an attempt to comply with

---

[7]*See* doc. no. 20 (defendant's reply brief), at 3-7; *see also* doc. no. 14 (plaintiff's brief), at 12-17.

[8]Uniform Initial Order, at 18 (italicized emphasis in original, boldface emphasis supplied).

ambiguous directives in the Uniform Initial Order.

The paragraph quoted above does caution the movant that *all* facts stated by the opposing party will be deemed admitted, *unless* controverted in the movant's reply submission, and *that* is the court's intent.  Even so, the first sentence of the paragraph directs a movant to include in its reply submission *only* its disputes with the opposing party's additional *undisputed* facts.  This sentence reasonably could lead a movant to omit any response to an opposing party's additional *disputed* facts in a sincere effort to comply with the letter of the court's order.  As plaintiffs' response brief and defendant's reply brief both are technically deficient, plaintiffs and defendant will be allowed the opportunity to amend the briefs.

## C.   CONCLUSION AND ORDERS

Defendant's motion to strike is GRANTED in part and DENIED in part.  The affidavits of Laura Kennedy and Judith Perry are STRICKEN from the record.  Plaintiffs are ORDERED to file a supplemental brief in response to defendant's motion for summary judgment on or before May 27, 2008.  Plaintiffs' supplemental brief should contain *only* plaintiffs' statement of additional *disputed* facts, along with citations to the record that both both support *and* contradict each proposed disputed fact.  Defendant is ORDERED to file a supplemental brief in reply to plaintiffs' supplemental response on or before June 9, 2008.  Defendant's supplemental reply

7

brief should contain *only* defendant's reply to plaintiffs' statement of additional

disputed facts.  The parties should not offer any additional argument or evidence, but

they should be mindful of the other evidentiary rulings made in this order.

    DONE this 13th day of May, 2008.

    _____
    United States District Judge

8